# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICKEY EGBERTO, | ) | |
|         Plaintiff, | ) | |
| vs. | ) | 3:06-cv-00715-RCJ-RAM |
| NEVADA DEPARTMENT OF CORRECTIONS et al., | ) | **ORDER** |
|         Defendants. | ) | |

This case arises out of Defendants' alleged deliberate indifference to Plaintiff's medical needs in prison, in violation of the Eighth and Fourteenth Amendments. Plaintiff also alleges negligence under state law. He demands monetary damages and injunctive relief. Pending before the Court are two motions for reconsideration of an order of the Magistrate Judge. For the reasons given herein, the Court denies the motions.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiff Rickey Egberto is incarcerated within the Nevada Department of Corrections ("NDOC"). (First Am. Compl. ¶ 17, ECF No. 33). Plaintiff, who alleges he has two herniated discs in his spine, has been given medication for the pain, but has been denied surgery. (*Id.*). Plaintiff alleges that the infirmary at Ely State Prison ("ESP"), where he is currently incarcerated, has a custom and practice of failing to properly diagnose, treat, and medicate inmates, and he argues that

this constitutes deliberate indifference. (*Id.*). Plaintiff also alleges that two neo-Nazi gang members, against whom he testified, are incarcerated at ESP, counter to Plaintiff's "understanding" that they would be incarcerated elsewhere. (*Id.*). He alleges that he has received death threats from these inmates, and he argues that the failure to house them elsewhere constitutes deliberate indifference by NDOC. (*Id.*).

On December 22, 2006, Plaintiff sued NDOC in this Court on three causes of action: (1)–(2) substantive due process and equal protection violations under the Fourteenth Amendment and deliberate indifference violations under the Eighth and Fourteenth Amendments, via 42 U.S.C. § 1983; and (3) state law negligence. Plaintiff amended the complaint on July 17, 2007 to add the following Defendants: Glen Whorton, Howard Skolnik, Ted D'Amico, M.D., Robert Bannister, M.D., E.K. McDaniels, Adam Endel, Fritts Schlottman, and William Donat. The First Amended Complaint adds no new causes of action but consolidates the first two causes of action of the Complaint into a single cause of action.

On November 3, 2009, the Court adopted the Magistrate Judge's ("MJ") Report and Recommendation (R&R, ECF No. 55) granting Plaintiff's Motion for Preliminary Injunction (ECF No. 35) in part—Defendants were ordered to follow Dr. Long's recommended course of treatment or to send Plaintiff for another evaluation by an equivalent doctor and follow that doctor's recommended course of treatment, but Defendants were not required to transfer Plaintiff to another facility. (Order 2–3, Nov. 2, 2009, ECF No. 124). On March 3, 2010, the MJ held a telephonic hearing and denied the following motions: Motion to Enforce Order (ECF No. 128); Motion to Preclude Deputy AG from Blocking, Hindering, or Interfering (ECF No. 133); Motion for Order to Show Cause (ECF No. 145); and Motion for Sanctions (ECF No. 146). After reviewing a medical report that concluded nothing was wrong with Plaintiff's spine based on an MRI scan, (Hr'g Mar. 3, 2010, at 9:03 a.m.), records indicating that Plaintiff had refused medication at various times, (*id.*

at 9:04 a.m.), a report by Dr. Kohn (phonetic) indicating that Drs. Kohn and Long were in agreement that Plaintiff was malingering in order to acquire access to narcotics and an unneeded cane, possibly for use as a weapon, (*id.* at 9:05 a.m.), and evidence that many people had seen Plaintiff walk without any limp or other difficulty and that he only walked with a limp when being seen by medical personnel, (*id.* at 9:06–07 a.m.), the MJ found that Defendants were in compliance with this Court's November 2, 2009 order, and he therefore denied Plaintiff's motions nos. 128, 145, and 146, (*see id.* at 9:09–10 a.m.; Minute Order, Mar. 3, 2010, ECF No. 166). He also denied motion no. 133.

Plaintiff has now filed a Notice of Appeal (ECF No. 170) and a Motion for Reconsideration of Magistrate Judge's Order (ECF No. 172). In substance, these motions both challenge: (1) this Court's Nov. 2, 2009 partial denial of Plaintiff's Motion for Preliminary Injunction (ECF No. 35); and (2) the MJ's March 3, 2010 denial of the other four motions. The Notice of Appeal also appears to be directed to the Ninth Circuit Court of Appeals; however, the record does not indicate it has been filed with that court. The Court will treat that motion as a motion for reconsideration under Rule 59(e) or 60(b), as appropriate.

## II.   LEGAL STANDARDS

### A.   Rule 72(a)

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Local Rule IB 3-1(a) is the equivalent local rule. "Under Rule 72(a), '[a] finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Rafano v. Patchogue-Medford Sch. Dist.*, No. 06-CV-5367 (JFB)(ARL), 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009) (quoting *Burgie v. Euro Brokers, Inc.*, No. 05 Civ. 0968(CPS)(KAM), 2008 U.S. Dist. LEXIS 71386, at *18 (E.D.N.Y. Sept. 5, 2008) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993))). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

### B.  Motions for Reconsideration

A motion to alter or amend a judgment must be made within twenty-eight (28) days of entry of judgment. Fed. R. Civ. P. 59(e). Here, the relevant order (the partial denial of the motion for preliminary injunction) was entered on November 3, 2009, and the present motions were filed 135 and 142 days later on March 18 and 25, 2010, respectively. Therefore the motion to reconsider is untimely under Rule 59(e) and should be considered under Rule 60(b). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) ("[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." (citation omitted)).[1] This rule prevents parties from seeking reconsideration of a judgment based on a court's own alleged errors after the time for filing a motion under Rule 59(e) has run by attempting to invoke Rule 60(b), which permits amendment only based on circumstances external to a court's own actions. *See, e.g.*, *Hahn v. Becker*, 551 F.2d 741, 745 (7th Cir. 1977) ("[T]he relief sought by the defendants is correction of errors of law and is not of the type contemplated by Rule 60. As this court has emphasized, it will not permit

---

[1] On December 1, 2009, the time to file a Rule 59(e) motion was extended to twenty-eight days. *Compare* Fed. R. Civ. P. 59(e) (2009), *with* Fed. R. Civ. P. 59(e) (2010).

parties to circumvent the service requirement of Rule 59(e) by merely denominating the motion as one made under Rule 60.").

### III. ANALYSIS

#### A. Rule 72(a)

The MJ's findings of fact were not clearly erroneous. The evidence pointed to the conclusion that Plaintiff was malingering. Nor was the MJ's ruling contrary to law. Although Plaintiff repeatedly objected at the hearing that he had no opportunity to present evidence, he had the opportunity to present evidence by attaching it to his motions. In fact, he adduced the affidavit of his wife into the record. (*See* Natalie Egberto Aff., ECF No. 130). This affidavit does not come close to outweighing the evidence adduced in favor of Defendants. (*See* ECF No. 143). At most, it shows that Plaintiff has pain in his back. But the medical reports tend to show that this pain is not a result of spinal abnormalities, and that surgery is not required and would likely not be helpful. Plaintiff had the opportunity to attempt depositions of witnesses or to send them interrogatories, but there is no evidence that he attempted this. The MJ was not required to permit live testimony or cross examination at the motion hearing.

#### B. Motion for Reconsideration

The motions must be considered under Rule 60(b) insofar as they attack this Court's November 9, 2009 order denying injunctive relief in part. Plaintiff identifies no subsection of that rule under which to consider his motion, and the facts and argumentation provided do not indicate that reconsideration is proper under any of the six subsections of Rule 60(b). Plaintiff argues only errors of law in refusing to permit him to adduce evidence in support of his motions, not discovery of new evidence, fraud, excusable neglect, or any other reason supporting relief under Rule 60(b). He also reargues the merits.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions for Reconsideration of Magistrate Judge's Order (ECF Nos. 170, 172) are DENIED.

IT IS SO ORDERED.

DATED: This 24th day of August, 2010.

_____
ROBERT C. JONES
United States District Judge