UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKEY EGBERTO, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:06-cv-00715-RCJ-RAM |
| ) | |
| NEVADA DEPARTMENT OF CORRECTIONS ) | |
| et al., ) | ORDER |
| ) | |
| Defendants. ) | |

This case arises out of Defendants' alleged deliberate indifference to Plaintiff's medical needs in prison, in violation of the Eighth and Fourteenth Amendments. Plaintiff also alleges negligence under state law. He demands monetary damages and injunctive relief. Pending before the Court are two motions for review of an order of the Magistrate Judge. For the reasons given herein, the Court denies the motions.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff Rickey Egberto is incarcerated within the Nevada Department of Corrections ("NDOC"). (First Am. Compl. ¶ 17, ECF No. 33). Plaintiff, who alleges he has two herniated discs in his spine, has been given medication for the pain, but has been denied surgery. (Id.). Plaintiff alleges that the infirmary at Ely State Prison ("ESP"), where he is currently incarcerated, has a custom and practice of failing to properly diagnose, treat, and medicate inmates, and he argues that

this constitutes deliberate indifference. (*Id.*). Plaintiff also alleges that two neo-Nazi gang members, against whom he testified, are incarcerated at ESP, counter to Plaintiff's "understanding" that they would be incarcerated elsewhere. (*Id.*). He alleges that he has received death threats from these inmates, and he argues that the failure to house them elsewhere constitutes deliberate indifference by NDOC. (*Id.*).

On December 22, 2006, Plaintiff sued NDOC in this Court on three causes of action: (1)–(2) substantive due process and equal protection violations under the Fourteenth Amendment and deliberate indifference violations under the Eighth and Fourteenth Amendments, via 42 U.S.C. § 1983; and (3) state law negligence. Plaintiff amended the complaint on July 17, 2007 to add the following Defendants: Glen Whorton, Howard Skolnik, Ted D'Amico, M.D., Robert Bannister, M.D., E.K. McDaniels, Adam Endel, Fritts Schlottman, and William Donat. The First Amended Complaint adds no new causes of action but consolidates the first two causes of action of the Complaint into a single cause of action.

On November 3, 2009, the Court adopted the Magistrate Judge's ("MJ") Report and Recommendation (R&R, ECF No. 55) granting Plaintiff's Motion for Preliminary Injunction (ECF No. 35) in part—Defendants were ordered to follow Dr. Long's recommended course of treatment or to send Plaintiff for another evaluation by an equivalent doctor and follow that doctor's recommended course of treatment, but Defendants were not required to transfer Plaintiff to another facility. (Order 2–3, Nov. 2, 2009, ECF No. 124). On March 3, 2010, the MJ held a telephonic hearing and denied the following motions: Motion to Enforce Order (ECF No. 128); Motion to Preclude Deputy AG from Blocking, Hindering, or Interfering (ECF No. 133); Motion for Order to Show Cause (ECF No. 145); and Motion for Sanctions (ECF No. 146). After reviewing a medical report that concluded nothing was wrong with Plaintiff's spine based on an MRI scan, (Hr'g Mar. 3, 2010, at 9:03 a.m.), records indicating that Plaintiff had refused medication at various times, (*id.*

at 9:04 a.m.), a report by Dr. Kohn (phonetic) indicating that Drs. Kohn and Long were in agreement that Plaintiff was malingering in order to acquire access to narcotics and an unneeded cane, possibly for use as a weapon, (*id.* at 9:05 a.m.), and evidence that many people had seen Plaintiff walk without any limp or other difficulty and that he only walked with a limp when being seen by medical personnel, (*id.* at 9:06–07 a.m.), the MJ found that Defendants were in compliance with this Court's November 2, 2009 order, and he therefore denied Plaintiff's motions nos. 128, 145, and 146, (*see id.* at 9:09–10 a.m.; Minute Order, Mar. 3, 2010, ECF No. 166). He also denied motion no. 133.

Plaintiff filed a Notice of Appeal (ECF No. 170) and a Motion for Reconsideration of Magistrate Judge's Order (ECF No. 172), which this Court denied. (*See* Order, Aug. 24, 2010, ECF No. 210). Plaintiff also filed a Motion for Court Ordered Transportation to Independent Medical Exam (ECF No. 176) and a Motion for Court Ordered Medical Expert (ECF No. 179), both of which the MJ treated as motions to reconsider and denied. (*See* Mag. J. Order, May 6, 2010, ECF No. 191). Plaintiff has now filed two more motions asking this Court to review the May 6, 2010 order of the MJ denying those motions.

## II.   LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Local Rule IB 3-1(a) is the equivalent local rule. "Under Rule 72(a), '[a] finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"

*Rafano v. Patchogue-Medford Sch. Dist.*, No. 06-CV-5367 (JFB)(ARL), 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009) (quoting *Burgie v. Euro Brokers, Inc.*, No. 05 Civ. 0968(CPS)(KAM), 2008 U.S. Dist. LEXIS 71386, at *18 (E.D.N.Y. Sept. 5, 2008) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993))). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

### III. ANALYSIS

At the May 6, 2010 hearing, at which Plaintiff appeared telephonically, the MJ stated that "those two motions are basically, I think, should be considered as motions for reconsideration because I've already ruled on those issues." (*See* Mot. Hr'g 10:05–06 a.m., May 6, 2010, ECF No. 191). Counsel for Defendants argued that the expenses and security concerns in transporting Plaintiff for an independent exam outside of the prison—particularly for this Plaintiff, who is one of the higher security threats at the prison, and when exam was not necessary for his well-being—could not be justified. (*See id.* 10:08–09 a.m.). The MJ denied the motions because he had previously ruled that Plaintiff could be seen by his own doctor at the prison but that he would not order transportation outside of the prison and would not order a medical expert at the court's expense. (*See id.* 10:11 a.m.).

Plaintiff argues that he has not been able to find a doctor who will examine him at the prison, so he requests that the Court order he be transported outside of the prison for examination. But the MJ gave Plaintiff such an opportunity when he ordered him transported for his MRI. Plaintiff apparently did not take advantage of this opportunity and now requests to leave the prison a second time for an examination that is not medically necessary. On February 8, 2010, the MJ ordered:

> that the Motion for Outside Medical Exam is GRANTED to the extent that, when Plaintiff is transferred for his MRI, he shall be allowed to remain in the area for a period of **thirty (30) days** in order to obtain an independent examination at

> Plaintiff's expense. The doctor who performs said examination shall submit a report of his findings to Mr. Perdomo within **ten (10) days** of the exam. Mr. Perdomo shall then have a period of **twenty (20) days** to depose the doctor, at which Plaintiff may attend telephonically. *This shall be the extent of any further discovery in this case.*

(Mag. J. Order 2, Feb. 8, 2010, ECF No. 162 (final emphasis added)). The required MRI occurred. (*See* Hr'g 9:03 a.m., Mar. 3, 2010, ECF No. 166 (discussing the results of the MRI)). No further discovery was permitted, and there is no indication the MJ ever granted permission to leave the prison again for an independent exam in addition to the thirty-day window provided the first time. The MJ therefore properly characterized the present motions as motions for reconsideration and did not make clear errors in denying them.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Review of Magistrate Judge's Order (ECF No. 193) is DENIED.

IT IS FURTHER ORDERED that the Motion for Reconsideration of Motion for Court Ordered Medical Expert by District Judge (ECF No. 199) is DENIED.

DATED: This 14th day of September, 2010.

ROBERT C. JONES
United States District Judge