UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RICKEY EGBERTO, | Case No. 3:06-cv-00715-MMD-WGC |
| Plaintiff, | **MINUTES OF PROCEEDINGS** |
| vs. | |
| | May 3, 2017 |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al*., | |
| Defendants. | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden      REPORTER:        FTR

COUNSEL FOR PLAINTIFF:  Travis Barrick (Telephonically)

COUNSEL FOR DEFENDANTS:  Erin Albright (Telephonically)

**MINUTES OF PROCEEDINGS: Status Conference**

9:07 a.m. Court convenes.

The court hold today's conference to discuss the status of the case and two motions submitted by Plaintiff Rickey Egberto himself and not through his current listed counsel or record.  The two motions include: "Motion for Appointment of Counsel" (ECF No. 278) and "Request for Referral to the Pro Bono Program" (ECF No. 279).

The court reviews the history of the case, in particular, as to the roll in which Plaintiff's counsel Travis N. Barrick has participated in this case.  Mr. Barrick made his first appearance in the case on 3/15/2011 (ECF No.236).  Plaintiff Egberto filed a substitution of counsel on 5/23/2013 (ECF No. 259) (and later a corrected image was submitted pursuant to the Clerk's Office instruction at ECF No. 264) indicating he would be litigating this matter *pro se*. Judgment was entered in this case on 4/26/2013 (ECF No. 257), which was followed by an appeal filed by the Plaintiff himself on 5/23/2013 (ECF No. 258); however, it is the court's understanding that Mr. Barrick prosecuted the appeal at the Ninth Circuit Court of Appeal.  The Ninth Circuit Court of Appeals affirmed in part, reversed and remanded in part the case back to the U.S. District Court on 2/6/2017 (ECF No. 268), and the mandate was spread on 3/10/2017 (ECF No. 272).  The court was advised Mr. Barrick withdrew as counsel after the appeal;

however, the court does not have any formal documentation that indicates Mr. Barrck is no longer counsel or record for this instant case.

The court states the "notice of substitution" submitted by Plaintiff Egberto does not comply with the local rules of this court, which requires leave of court to secure such a substitution. The court makes the observation it is likely Plaintiff's notice of substitution was never acted on by the court because of the notice of appeal being filed.

Mr. Barrick concurs with the court's chronology of his participation and history of the case and further confirms he has never formally withdrawn from the case. Mr. Barrick explains suggested to Mr. Egberto to file a request to refer this matter to the court's pro bono program for expense reimbursement purposes and to allow law students the opportunity to participate in these matter with Mr. Barrick.

After further discussion with counsel regarding the pro bono program the court denies Plaintiff's motion for appointment of counsel (ECF No. 278) and request to refer this matter to the pro bono program (ECF No. 279). However, the court will enter an order referring this matter to the pro bono program and appoint Mr. Barrck as *pro bono* counsel for Plaintiff. Separate orders will be filed hereafter today's hearing.

Mr. Barrick renews Plaintiff's "Motion for Leave to Designate Expert Witnesses (First Request)" (ECF No. 237), in which the motion was stayed (ECF No. 240) pending the ruling on the court's report and recommendation (ECF No. 230). Mr. Barrick argues that having an independent medical opinion will be helpful for a potential settlement conference in this case.

After consideration, Plaintiff's motion (ECF No. 237) is **GRANTED** and discovery is reopened for the limited purposes of expert witnesses. The court directs that the medical expert report is due no later than **Friday, 5/19/2017**. Rebuttal expert report is due **Friday, 6/16/2017**.

The court next schedules a settlement conference on **Tuesday, 6/27/2017, at 9:00 a.m.** before recalled Magistrate Judge Robert A. McQuaid, Jr. The logistics of the Plaintiff's participation shall be coordinated by Mr. Barrick. Mr. Barrick shall advise Mr. Ogden via phone or email of the arrangements for Plaintiff's participation. A separate order scheduling the settlement conference will be filed hereafter today's hearing.

The court makes the observation that deadlines to file the proposed joint pretrial order has expired (*see* ECF No. 274) and recommends the parties file a stipulation advising District Judge Miranda M. Du of the parties' inadvertent oversight for the submission of a joint proposed pretrial order and request an extension of time as to the proposed order deadline and trial date.

Minutes of Proceedings
3:06-cv-00715-MMD-WGC
May 3, 2017

There being no additional matters to address at this time, court adjourns at 9:44 a.m.

DEBRA K. KEMPI, CLERK OF COURT

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk